PIERCE, Appellant, v. HYDE and GOVE, Respondents.

No. 8610; November 2, 1882.

**Suretyship—Mortgage for Debt of One of Two Tenants in Common.—**Where A and B, owners in common, join in a conveyance to C by way of collateral for B's sole debt, A becomes a surety; and if thereafter full tender of the secured debt is made, C in the meantime having taken a sheriff's certificate in execution of a judgment in his favor against B for another debt, the rights of the several parties cannot be adjudicated, in the absence of evidence tending to show whose money was tendered; since, if it was A's, A would be subrogated to C's position against B in respect to the first transaction and have a lien on B's interest in the land superior to C's lien under the execution sale.

APPEAL from Superior Court, Santa Barbara County.

George A. Nourse for appellant; J. C. Bates for respondents.

By the COURT.—It does not appear from the pleadings or from the evidence in this case how much of the money offered to be paid on behalf of the defendants to plaintiff was on behalf of the defendant Gove, nor how much on behalf of the defendant Hyde. If the money was tendered on behalf of Hyde, doubtless plaintiff would be entitled to the benefit of his purchase under the execution sale; and if the money, or any part of it, was tendered on behalf of the defendant Gove, she would be entitled to be subrogated to plaintiff's position as against Hyde, and have a lien, superior to the execution sale, on the Hyde share of the land, to secure her for the

money paid by her to relieve her interest from Hyde's debt. In either event plaintiff would be entitled to retain the sheriff's certificate and any title he might have acquired thereby, to the extent of any surplus of the Hyde interest above the holding of the defendant Gove, harmless of Hyde's debt.

If the decree for the conveyance by plaintiff had been confined to the interest of the defendant Gove, the plaintiff could not have objected; but as the case is presented to us, the decree as it is would deprive plaintiff of a legal right. From the uncertainty apparent as well in the pleadings as in the findings, it is impossible for us to direct any particular judgment to be entered. The judgment is therefore reversed and the cause is remanded for a new trial, with instructions that the parties may be permitted to amend their pleadings, if so advised. In the absence of an ascertainment as to whose money was offered to be paid, we do not see how a judgment can be entered which shall definitely protect the interests of the defendant Gove.

It may be added that the commercial value of the land is not for consideration. The plaintiff, in causing Hyde's interest to be sold on the execution, had the right to place his own estimates of value, and to determine for himself whether there would be an ultimate balance in his favor.